UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10007-GAO

UNITED STATES OF AMERICA,

v.

WILSON R. SANTANA,
Defendant.

OPINION AND ORDER
October 11, 2016

O'TOOLE, D.J.

The defendant, Wilson Santana, previously pled guilty to thirty counts of theft of government property in violation of 18 U.S.C. § 641 and four counts of possession of stolen government property with intent to convert in violation of the same statute.[1] He was sentenced to

---

[1] Section 641 provides:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.
>
> The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

18 U.S.C. § 641.

a term of twenty-one months' imprisonment. That sentence was affirmed on direct appeal. United States v. Santana, No. 14-2129 (1st Cir. Aug. 12, 2015).

Santana has moved pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground of ineffective assistance of counsel. The defendant, a citizen of the Dominican Republic and permanent resident of the United States, argues that he was not correctly informed by his lawyer of all pertinent immigration consequences of his plea of guilty, in violation of his right to adequate counsel. See Padilla v. Kentucky, 559 U.S. 356 (2010).

The defendant admitted to having participated in a scheme to collect money through fraudulent tax returns. The scheme involved the defendant's providing U.S. Treasury checks representing tax refunds based on false information to a co-defendant bank teller, who caused the checks to be negotiated and the proceeds deposited into accounts accessible to the defendant. As part of its investigation into this scheme, the government, using the co-defendant teller as a cooperating witness, recorded the defendant in inculpatory conversations about some of the transactions. The value of all the checks negotiated in the course of the scheme totaled over $200,000. At his Rule 11 change of plea hearing, the defendant agreed that he had in fact committed the crimes charged. (See Tr. of Change of Plea, at 19 (dkt. no. 119).)

At sentencing, the defendant's counsel argued for a sentence of 364 days incarceration, for the reason that such a sentence would keep the defendant's convictions from being for an "aggravated felony" under an immigration statute that provided that conviction of an aggravated felony was a basis for deportation of a non-citizen.[2] An "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of

---

[2] "An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States." 8 U.S.C. § 1228(c). See also, id., §§ 1228(b)(5) and 1229b(a)(3).

imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G)). Counsel's sentencing argument was aimed at preventing Santana's crimes from being classified as aggravated felonies and thus avoiding a conclusive presumption of deportability as a collateral consequence of the criminal sentence.

The defendant of course does not fault his counsel for making that argument, but he now argues that his counsel rendered ineffective assistance in that he ignored, and did not address, another category of aggravated felony, defined at 8 U.S.C. § 1101(a)(43)(M)(i): an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Santana's crimes arguably fall within that category; they plausibly involved "fraud or deceit" and they certainly caused a loss exceeding $10,000. The defendant protests that if he had been warned by his lawyer about that provision—in addition to what he had been told about § 1101(a)(43)(G)—he would not have pled guilty and would instead have gone to trial.

Strickland v. Washington, 466 U.S. 668 (1984), requires that a defendant make two showings in order to prove that his counsel was constitutionally ineffective. "First, the defendant must show that counsel's performance was deficient." Id. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." Id. In the context of guilty pleas, the second or "prejudice" element of Strickland is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, the defendant relies on Padilla for his argument that his counsel was deficient. In that case, the defendant was told by his counsel that he "did not have to worry about immigration status" if he pled guilty. Padilla, 559 U.S. at 359 (quoting Commonwealth v. Padilla, 253 S.W.3d 482, 483 (Ky. 2008)). Padilla proceeded to plead guilty to a drug offense that essentially

3

guaranteed that he would be deported. See id. at 368 (citing 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.")). The Supreme Court found the statute to be "succinct, clear, and explicit in defining the removal consequence for Padilla's conviction." Id. Padilla's counsel was deficient in failing to inform Padilla of such obvious immigration consequences. See id. at 368–69. The Supreme Court's instruction to trial counsel was clear: "[C]ounsel must inform her client whether his plea carries a risk of deportation." See id. at 374.

Here, the defendant does not argue that he was completely uninformed about the possibility of deportation, but rather that he was advised only about one possibility, when there was at least one other that might alternately apply. Indeed, his argument rests on his counsel's having identified one provision addressing the possibility of deportation while having overlooked another and thus having failed to call the defendant's attention to it.

Immigration law is complex and can be unclear. The Padilla majority recognized that point, and Justice Alito's concurrence explored the complexity of this area of the law. See Padilla, 559 U.S. at 369 & n.10; id. at 377–81 (Alito, J., concurring in judgment). The majority acknowledged that "[w]hen the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice ALITO), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Id. at 369. Those scenarios described as especially complex include many of the categories included in the definition of "aggravated felony." See id. at 378–79 (Alito, J., concurring in judgment).

Advising a defendant that immigration consequences are a serious issue—such as by pointing to germane statutory text—satisfies the requirements of Padilla. Cf. Clarke v. United

States, 703 F.3d 1098, 1101 (7th Cir. 2013) ("Our petitioner's lawyer did not mislead her, as Padilla's lawyer misled Padilla; and while the lawyer could have been more precise, he said enough to put her on notice, and that defeats her postconviction challenge.").

Here, defense counsel, the prosecutor, and I all on various occasions informed the defendant that by entering a guilty plea to these offenses, he exposed himself to the possibility that he would be deported. He acknowledged that he understood that potential consequence. (See Tr. of Change of Plea, at 8.)

Counsel's duty here was simply to inform the defendant of the possibility of deportation. Correctly citing to an obviously applicable part of the law but neglecting to mention another potentially applicable category was not constitutionally ineffective assistance.

The defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence (dkt. no. 132) is DENIED.

However, in light of the novelty of the defendant's argument, a certificate of appealability is GRANTED as to the following question:

> When a defense attorney informs his client of potential deportability under one definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43) but does not discuss another definition that may also apply, has he rendered ineffective assistance of counsel under the rule of Padilla v. Kentucky, 559 U.S. 356 (2010)?

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge